UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

AVRAHAM MILLER on behalf of himself and
all other similarly situated consumers

                Plaintiff,           Case No.

    -against-

RUI CREDIT SERVICES

               Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1. Plaintiff, Avraham Miller, brings this action against RUI Credit Services for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Melville, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Avraham Miller

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 25th, 2016, Defendant sent the Plaintiff a collection letter.

11. The said letters were sent in an effort to collect on a defaulted consumer debt.

12. A collection letter, like the said July 25th, 2016 collection letter, is open to one of multiple interpretations and would likely be misunderstood by an unsophisticated consumer.

13. § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees. Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

14. Defendant's collection letter fails to include the safe harbor language set out in Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).

15. An unsophisticated consumer would be left uncertain by the said letter as to whether the said account was accruing interest or not.

16. Pursuant to section 5001 of New York Civil Practice Law and Rules, a creditor shall recover prejudgment interest "upon a sum awarded because of a breach of performance of a contract." N.Y. C.P.L.R. § 5001(a); see also Rhodes v. Davis, 628 Fed. Appx. 787, 794 (2d Cir. 2015) (Under New York Law, "[i]nterest is generally mandatory "upon a sum awarded because of a breach of performance of a contract . . . ." (citing Id. §

5001(a))).

17. Section 5004 sets the rate of prejudgment interest at nine percent. N.Y. C.P.L.R. § 5004. When calculating the interest due, it "shall be computed from the earliest ascertainable date the cause of action existed." Id. § 5001(b).

18. "In New York, a breach of contract cause of action accrues at the time of the breach." Ely-Cruikshank Co. v. Bank of Montreal, 81 N.Y.2d 399, 402, 615 N.E.2d 985, 599 N.Y.S.2d 501 (1993) (citations omitted).

19. Prejudgment interest on defaulted debt obligations "shall be computed from the earliest ascertainable date the cause of action existed," which is when the debtor fails to make the payment. N.Y. C.P.L.R. § 5001(b).

20. "New York law provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," N.Y. C.P.L.R. § 5001(a), and that interest is to be computed "from the earliest date the cause of action existed," N.Y. C.P.L.R. § 5001(b), at the rate of nine percent per annum, N.Y. C.P.L.R. § 5004. Accordingly, Plaintiffs are entitled to prejudgment interest on the installments that were not timely paid." Kasperek v. City Wire Works, Inc., No. 03 CV 3986 (RML), 2009 U.S. Dist. LEXIS 19803, at *8 (E.D.N.Y. Mar. 12, 2009).

21. The said July 25th, 2016 letter failed to correctly state the full amount of the debt allegedly owed.

22. Though the July 25th, 2016 letter listed an "Account Balance" and demanded payment in full, the letter did not state on which date the "Account Balance" was calculated, and did not explain that contractual or statutory interest and/or legal fees would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date he makes a payment.

23. A reasonable consumer could read the notice and be misled into believing that he or she

could pay her debt in full by paying the amount listed on the notice.

24. However, since contractual or statutory interest is automatically accruing daily, and since there are undisclosed legal fees that will accrue, a consumer who pays "Account Balance" stated on the notice will be unaware as to whether or not the debt has been paid in full.

25. The debt collector could still seek the automatically accrued contractual or statutory interest that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

26. A letter that states "Account Balance" without notice that the amount is already increasing due to accruing automatically accruing contractual or statutory interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

27. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

28. Pursuant to New York state law, statutory interest starts to accrue on the debt from the date of the breach of contract at the rate of 9% per annum.

29. The amount of the contractual or statutory interest, automatically increases each day that the defaulted debt remains unpaid due to the automatically contractual or statutory accrued interest.

30. Collection notices that state only the "Account Balance" but fail to disclose that the

balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

31. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

32. RUI Credit Services was required to include a disclosure that the automatically accrued interest <u>was</u> accruing, or in the alternative, RUI Credit Services was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest; yet the Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

33. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

34. RUI Credit Services knew that the balance would increase due to interest, fees and/or disbursements.

35. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." <u>Avila v. Riexinger & Assocs., LLC</u>, 817 F.3d 72, 76 (2d Cir. 2016)

36. Because the statement of the "amount due" that included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, the FDCPA requires debt collectors, when they notify consumers of their account balance, to expressly disclose that interest has stopped accruing.

37. Requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable, but mistaken belief that timely payment will satisfy their debts and it protects them from other debt collectors seeking further interest on this debt in the future.

38. According to the Second Circuit's finding that the "amount due" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is.  "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." Avila v. Riexinger & Assocs._, LLC_, 817 F.3d 72, 76 (2d Cir. 2016)

39. The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

40. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing.  The consumer could not know what the real balance is.

41. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2

A.D.3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003). A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

42. The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory or prejudgment interest in its statements post charge off does not constitute an express waiver and statutory or prejudgment interest is still continuing to accrue and may be charged at a future time.

43. According to the Second Circuit in *Avila*, any such a debt would need full and complete disclosure. See Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")

44. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

45. Since the "Account Balance" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that

interest is accruing daily or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e… a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." <u>Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)</u>

46. Although the July 25th, 2016 letter stated a "Account Balance" and demanded payment in full, the letter also failed to disclose to the Plaintiff that the Defendant would attempt to collect the additional accruing interest and/or fees at a later date.

47. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive under § 1692e(10) … The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest" <u>Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)</u>

48. Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtor pays the "amount due" the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's

debt to a third party, which itself could seek the automatic interest from the consumer. *Avila*, at *10-11.

49. A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest. At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest.

50. Upon receiving the July 25th, 2016 letter, the Plaintiff was uncertain whether the "Account Balance" was accruing interest as there was no disclosure or admonition indicating otherwise.

51. A debtor who pays the "Account Balance" stated in the collection letter will be left unsure as to whether or not the debt has been paid in full, as the Defendant could still attempt to collect on any interest and fees that accumulated after the letter was sent but before the balance was paid.

52. The July 25th, 2016 letter would cause the unsophisticated consumer uncertainty and force him to guess how much money he allegedly owed to the Defendant, how much money would accrue daily on his alleged debt, how much additional money he would owe if he paid the amount demanded in the July 25th, 2016 letter, and if or when the Defendant's collection efforts would actually discontinue if he remitted "Account Balance" that the Defendant demanded.

53. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

54. Upon information and belief, such actions are part of a scheme or business of the

Defendant when attempting to collect alleged debts from consumers in the State of New York.

55. Upon information and belief, the Defendant's collection letters, such as the said July 25th, 2016 collection letter, number in at least the hundreds.

56. The Defendant, by failing to state that it would add interest to the amount of the debt, made materially false statements, in violation of 15 U.S.C. § 1692e of the FDCPA.

57. Defendant's July 25th, 2016 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

58. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

59. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

60. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

61. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

62. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

63. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

64. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the

FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

65. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

66. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

67. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

68. The identities of all class members are readily ascertainable from the records of RUI Credit Services and those business and governmental entities on whose behalf it attempts to collect debts.

69. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of RUI Credit Services, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

70. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

71. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

72. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

73. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to

>
> the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.
>
> (e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

74. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

77. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS FOR FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

78. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through seventy seven (77) herein with the same force and effect is if the same were set forth at length herein.

79. This cause of action is brought on behalf of Plaintiff and the members of a class.

80. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about July 25th, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## Violations of the Fair Debt Collection Practices Act

81. The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

82. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 5th, 2017

   /s/ Igor Litvak
Igor Litvak, Esq.
Attorneys for the Plaintiff
The Litvak Law Firm, PLLC
1701 Avenue P
Brooklyn, New York 11229
Office: (718) 989-2908
Facsimile: (718) 989-2908
E-mail: Igor@LitvakLawNY.com

Plaintiff requests trial by jury on all issues so triable.

   /s/ Igor Litvak
Igor Litvak, Esq.